## Egbert, Trustee, &c., and Others *v.* Schultz.

Deed of Trust.—Construction.—A conveyed certain lands to B, in trust, first, that all the rents and profits thereof should be used and enjoyed by A during her natural life, as fully as if she had not conveyed the same to B. Second, that if she, A, at her death, should leave any heirs of her body begotten, the lands were to go to them jointly in fee simple. But if all the heirs of her body, living at her death, should die before arriving at the age of twenty-one years, then said lands should go to certain persons who were named in the deed, if they were living at her death, and if any of them should be dead at the time of her decease, the share or shares of such to go to their heirs at law. A was not the owner of the entirety of the lands described in the deed at the date of its execution, but after its execution, and prior to her death, she acquired the full title to them, and died without having had living issue, but leaving surviving her the *cestuis que trust* named in the deed.

*Held,* that the *cestuis que trust,* in the deed named, were entitled, under the provisions thereof, to the portion of the lands owned by A at the time of its execution, but not to the benefit of the interest in the lands acquired after its execution.

APPEAL from the *Putnam* Circuit Court.

Ray, J.—This was an action by *Julius B. Egbert,* for himself and as trustee, with the *cestuis que trust* for themselves also, for partition of certain real estate, against the appellee as tenant in possession thereof, and asking an accounting for the use and occupation of the premises.

The deed under which the appellants claim is as follows: "This indenture made," &c., "witnesseth, that *Elizabeth Knight,*" &c., "in consideration of the sum of one dollar paid by *Julius B. Egbert,* of," &c., "conveys to the said *Julius B. Egbert,* as trustee for the uses and trusts hereinafter named, the following real estate," &c. "The said lands and lots all to be held by said *Julius B. Egbert,* as trustee, as follows, to-wit: 1. All the rents, issues and profits of said lands to be used and enjoyed by the grantor, *Elizabeth Knight,* during her natural life, as fully as if she had not conveyed the same to said trustee. 2. If the said *Elizabeth Knight,* at her death, should leave any heirs of her body

begotten, the said lands and lots are to go to them jointly in fee simple. But if all the heirs of her body, living at her death, shall die before arriving at the age of twenty-one years, then all such lots and lands shall go to the following persons in fee simple, to-wit: *Charlotte Egbert, Susan M. Smith, Julius B. Egbert, Charlotte Louisa Jones, Mary M. Banta, Lucien Egbert*, and my husband, if living at my death, and if any of these persons are dead at the time of my decease, their share or shares to go to their heirs at law. The said trustee is empowered to make conveyances, after my decease, of said lots and lands in accordance with this trust."

The complaint is in two paragraphs. The first alleges that on the 15th day of *January*, 1862, the date of the execution of said deed of trust, the said *Elizabeth Knight* was the owner of the undivided two-thirds of the lots and lands described in said deed, and that certain other persons, the owners of the undivided one-third, were tenants in common with her in the same, as also in certain other lands; that said *Elizabeth*, at said date, was in possession of the land so conveyed, and continued to occupy the same until about *April* 1, 1863, the date of her decease; that at the time of the execution of said deed she was a *feme sole*, but subsequently intermarried with the appellee; that she died without having had living issue, but leaving surviving, her mother, brothers and sisters, the *cestuis que trust* named in the deed, and her husband; that before her death, but subsequently to the execution of said conveyance, she acquired title in full to the lands and lots described therein.

The second paragraph contains the additional averment that there was a mistake made in drafting the trust deed, in that it was intended by the grantor that the property thereby conveyed should go to the *cestuis que trust* in the event the said *Elizabeth* died without issue of her body, or without issue arriving at twenty-one years of age.

A demurrer was sustained to each paragraph of the complaint, and judgment was rendered accordingly.

Appellants argue that this trust deed conveyed the legal estate in said lots and lands to the trustee for the benefit of the appellants and appellee, as *cestuis que trust*, subject to the life estate of the grantor, and that the only condition which could defeat the title as absolute, in said *cestuis que trust*, was that the grantor should have a child or children who should arrive at the age of twenty-one years.

The position assumed by the appellee is this: " If *Elizabeth Knight* should die, leaving a child or children, begotten of her body and living at her death, who should die before arriving at the age of twenty-one years, then, and under no other circumstances, would the appellants have any rights under said deed. The complaint expressly avers that said *Elizabeth* died without leaving any living issue begotten of her body. Appellants could only take through such issue, and then only on the express condition that said child, or children, should die before arriving at the age of twenty-one years. · This being true, said appellants have no rights under said deed; the trust has failed, and the property reverts to the heirs at law of said *Elizabeth Knight*, deceased, who, as shown by the complaint, are the appellee, *Frederick Schultz*, her surviving husband, and her said mother, *Charlotte Egbert.*"

We think the law is very clearly with the appellants. The general rule, as laid down in *Tennant* v. *Heathfield,* 21 Bevan 256, is, that when a bequest is to take effect after the failure of a prior gift, the total failure of that gift will not prevent the ulterior bequest taking effect. In that case, the bequest was to the daughter of the testator for her separate use for life, and after her decease to her children, and in case of their death before the vesting of their estate, in trust for her next of kin. Though the daughter never had any children, it was held that her next of kin took the estate at her death, and that there was no intestacy. The appellants, however, are not entitled, under the trust, to the benefit of any interest in the land acquired by the grantee after the execution of the deed of trust.

The judgment is reversed, and the cause remanded, with instructions to overrule the demurrer to the first paragraph of the complaint.    Costs against appellee.

*D. E. Williamson* and *A. Daggy*, for appellant.

*S. Turman*, for appellee.

